J-S37025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID COIT | : | |
| | : | |
| Appellant | : | No. 561 EDA 2017 |

Appeal from the PCRA Order Entered January 30, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005384-2010

BEFORE: OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 24, 2018**

Appellant David Coit appeals from the order entered dismissing his first petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. We affirm.

Coit and his co-defendant, Christina Walton, were tried without a jury in 2011. Ronald Hernandez testified that Coit and Walton lured him to a sandwich shop, where they beat him. Hernandez suffered serious injuries, including a stab wound. Coit was convicted of one count of aggravated assault and one count of simple assault.[1] Walton was acquitted of all charges. The court sentenced Coit to an aggregate of seven to 14 years in prison, to be followed

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and 2701(a)(1), respectively.

by three years of probation.[2] Coit filed a direct appeal, and we affirmed. **See Commonwealth v. Coit**, No. 1936 EDA 2011, unpublished memorandum at 11-12 (Pa.Super. filed March 12, 2013). The Supreme Court denied Coit's Petition for Allowance of Appeal in August 2013. **See Commonwealth v. Coit**, 74 A.3d 125 (Pa. 2013).

Coit filed a timely *pro se* PCRA Petition on October 8, 2014. The PCRA court appointed counsel, who filed an Amended Petition, a Second Supplemental Petition, and a Third Supplemental Petition.[3] The PCRA court dismissed the Petition without a hearing on January 30, 2017.[4] Coit filed a timely notice of appeal on February 7, 2017, and raises the following issues:

> I.    Did the [PCRA] court err in denying [Coit] an evidentiary hearing on the issue of evidence that was not available at trial that would have proved [Coit innocent] of the offenses?
>
> II.    Did the [PCRA] court err in denying [Coit] an evidentiary hearing on trial defense counsel's vitiating [Coit]'s constitutional right to testify in his own defense when [Coit] raised a material issue of fact concerning this issue?
>
> III.    Did the [PCRA] court err in denying [Coit] an evidentiary hearing on trial counsel's ineffectiveness for failing to secure an

---

[2] The charge of simple assault merged with the charge of aggravated assault for sentencing purposes.

[3] Coit filed a second PCRA petition, *pro se*, on July 7, 2015, arguing that his mandatory minimum sentence was unconstitutional. It does not appear that the PCRA court took any action on this second *pro se* petition, which was filed after Coit had been appointed counsel.

[4] The PCRA court had issued a notice of its intent to dismiss the Petition on December 2, 2016, pursuant to Pa.R.Crim.P. 907. Coit did not respond to the Rule 907 notice.

exculpatory store surveillance video before the video was inadvertently lost by the Commonwealth when [Coit] raised a material issue of fact concerning this issue?

IV. Did the [PCRA] court err in denying [Coit] an evidentiary hearing for trial defense counsel's ineffectiveness in stipulating to the fact that the store surveillance of the video [o]f the incident would not be brought up at trial when it was the Commonwealth that lost the evidence and this loss of evidence by the Commonwealth raises an inference that the video would have been unfavorable evidence for the Commonwealth?

Coit's Br. at 2.

"[I]n reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Andrews**, 158 A.3d 1260, 1262-63 (Pa.Super. 2017). A PCRA petitioner is entitled to an evidentiary hearing where the petition raises an issue of material fact, which, if resolved in the petitioner's favor, would justify relief. **Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013).

## I. After-Discovered Evidence

In his first issue, Coit argues that the PCRA court erred in denying him an evidentiary hearing to determine whether the testimony of Christina Walton, his co-defendant, qualified as after-discovered evidence under 42 Pa.C.S.A. § 9543(a)(2)(vi). Coit attached to his Third Supplemental Petition what appears to be the transcription, hand-written by Coit's private investigator, of a conversation that took place a few weeks before the Third Supplemental Petition was filed. During that conversation, Walton allegedly told the private investigator that Hernandez began the assault and that she

hit him in self-defense. Coit then allegedly came to her aid by stepping between Walton and Hernandez and separating them. Walton allegedly told the private investigator that she "blacked out" during the fight, and did not see Coit hit or stab Hernandez. Coit claims that the PCRA court erred in denying him an evidentiary hearing, as it would have allowed the PCRA court to hear Walton's testimony and evaluate her credibility.[5]

A petitioner may qualify for relief under Section 9543(a)(2)(vi) of the PCRA is if he pleads and proves by a preponderance of the evidence that his conviction resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). To obtain relief under this section, the petitioner must demonstrate that the "after-discovered evidence":

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

---

[5] Coit also argues that Walton's testimony was unavailable at the time of trial, and could not have been produced through the exercise of due diligence at that time, because Walton asserted her right to remain silent. **See** N.T., 3/21/11, at 152. While it does not appear that the PCRA court addressed this particular contention, we note that "[i]n Pennsylvania, if the testimony of a witness who previously invoked the Fifth Amendment becomes available after the verdict, that testimony constitutes after-discovered evidence." **Commonwealth v. Padillas**, 997 A.2d 356, 363 (Pa.Super. 2010).

*Commonwealth v. Small*, ---A.3d----, 2018 WL 3453769, at *9 (Pa. July 18, 2018). The evidence must also be producible and admissible. *Id.* A petitioner must prove each element in order to receive a new trial. *Id.*

In regards to whether a previously unavailable witness's testimony is likely to change the outcome at a new trial, "a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." *Padillas*, 997 A.2d at 365. Where newly available testimony is not exculpatory, it does not qualify for relief under the PCRA. *Commonwealth v. Bond*, 819 A.2d 33, 49 (Pa. 2002). In *Commonwealth v. Bond*, the defendant's co-defendant did not testify at their joint trial. *Id.* The co-defendant's pre-trial statement to police, which implicated the defendant, was not admitted as evidence. *Id.* at 49-50. After trial, the co-defendant signed an affidavit recanting his former statement and stating that he has no knowledge regarding the defendant's involvement in the crime. *Id.* The defendant filed a PCRA petition claiming that the recantation statement constituted after-discovered evidence under Section 9543(a)(2)(vi).[6] *Id.* The Supreme Court affirmed the PCRA court's denial of relief, as the affidavit professing no knowledge of the crime was not exculpatory, and, because the co-defendant's pre-trial statement had not been admitted as evidence at trial,

---

[6] In *Bond*, the PCRA court held an evidentiary hearing, but the defendant did not call the co-defendant to testify. *Bond*, 819 A.2d at 49.

- 5 -

it had not contributed to the evidence establishing the defendant's guilt. *Id.* at 50.[7]

Here, the PCRA court reasoned that Walton's statement did not constitute after-discovered evidence because her testimony would be unlikely to change the outcome of the trial. *See* PCRA Court Opinion, filed June 28, 2017, at 11. The court explained that "[Walton] alleges that she 'blacked out' shortly after the altercation began, and only remembers seeing [Hernandez] lying on the floor when she regained consciousness. Therefore, it is entirely plausible that [Coit] struck and/or stabbed [Hernandez] during that time."[8]

We agree with the PCRA court's assessment. Although Walton's statement to the private investigator indicates that Hernandez was the aggressor, it also states that Walton did not see the entirety of the fight because she "blacked out." Her statement does not contradict the other evidence presented at trial supporting that Coit stabbed Hernandez, and therefore does not exculpate Coit. *Bond*, 819 A.2d at 50.

---

[7] The *Bond* Court also acknowledged that the co-defendant's recantation undermined his credibility. *Bond*, 819 A.2d at 50.

[8] The PCRA court's opinion also stated that Walton's testimony cannot constitute after-discovered evidence because the factual content of Walton's eye-witness account was known to Coit at the time of trial. *See* PCRA Ct. Op. at 11. However, the section of the PCRA invoked by Coit depends on the new availability or obtainability of evidence, and not the new discovery of facts. *See* 42 Pa.C.S.A. § 9543(a)(2)(vi). We caution that the "after-discovered evidence" section should not be conflated with the "newly-discovered facts" section of the PCRA, which, when its requirements are met, provides only an exception to default one-year filing timing requirement. *See Commonwealth v. Cox*, 146 A.3d 221, 228-30 (Pa. 2016).

We add, although not raised by the Commonwealth, that Coit has not alleged that Walton would be willing to testify at a new trial, or even at a PCRA hearing. Nor does the transcription of Walton's statement made by Coit's private investigator contain any such indication. Coit has therefore failed to carry his burden to plead that the proposed testimony is producible and admissible. *Small*, ---A.3d----, 2018 WL 3453769, at *9.

We therefore hold that the PCRA court did not err in concluding that Walton's testimony was unlikely to change the outcome of a new trial, and denying relief on that basis.

## II. Ineffective Assistance - Right to Testify

In his second issue, Coit argues that the PCRA court erred in denying his request for an evidentiary hearing to determine whether his counsel provided ineffective assistance when advising Coit not to testify at trial. According to Coit, his counsel advised him not to testify by saying, "[Y]ou already won, don't F--- it up," and the argument between Coit and his attorney on this point "was so loud that the trial court had to call a recess and tell [Coit] and trial counsel to relax." Coit's Br. at 9. Coit alleged that he "was emotionally and mentally inc[apaci]tated from the shock of embarrassment that his defense trial counsel would raise her voice and yell at [him] in f[ro]nt of the trial judge, in front of the A.D.A. and others in the court room[.]" *Pro Se* PCRA

Pet., 10/8/14, at 38.[9] Coit argues that his attorney bullied him into not testifying, which rendered his decision to remain silent involuntary; his attorney had no reasonable basis for bullying Coit when advising him not to testify; and he was prejudiced because he was denied a constitutional right and an opportunity to prove his innocence. Coit argues that counsel's ineffectiveness is a matter of fact which required an evidentiary hearing.

The PCRA court reviewed the trial colloquy between Coit and counsel[10] regarding his right to testify, and renewed its record finding that Coit's waiver of his right to testify was intelligent, knowing, and voluntary. **See** PCRA Ct. Op. at 6-7.

A petitioner is eligible for relief under the PCRA when he pleads and proves by a preponderance of the evidence that his conviction resulted from ineffective assistance of counsel. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii). A PCRA petitioner will only prevail on a claim that trial counsel was ineffective through pleading and proving each of the following: "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if

---

[9] The allegations in Coit's *pro se* Petition were incorporated into each counseled Amended Petition thereafter. **See** Amended Pet., 3/22/16, at ¶ 3; Second Supp. Amended Pet., 5/10/16, at ¶ 3; Third Suppl. Amended Pet., 6/20/16, at ¶ 3.

[10] The colloquy was given to both Coit and Walton by Walton's counsel.

not for counsel's error." **Commonwealth v. Grove**, 170 A.3d 1127, 1138 (Pa.Super. 2017). A failure to plead or prove any prong will defeat an ineffectiveness claim. **Id.** (quoting **Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013)).

"[W]here a defendant voluntarily waives his right to testify after a colloquy, he generally cannot argue that trial counsel was ineffective in failing to call him to the stand." **Commonwealth v. Rigg**, 84 A.3d 1080, 1086 (Pa.Super. 2014). When an ineffectiveness claim is based on counsel's advice to the defendant regarding his constitutional right to testify at trial, the defendant "must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." **Commonwealth v. Michaud**, 70 A.3d 862, 869 (Pa.Super. 2013) (quoting **Commonwealth v. Nieves**, 746 A.2d 1102, 1104 (Pa. 2000)).

We agree with the PCRA court that the record reflects that Coit was advised of his absolute right to testify, acknowledged that no one could prevent him from testifying, agreed that it was his "firm decision" not to testify, and stated that no one forced or threatened him not to testify. **See** N.T. 149-53. Moreover, the factual allegations made by Coit—that he was verbally reprimanded in the courtroom, and was advised not to testify because he had "already won" his case—do not demonstrate either an interference with

Coit's decision not to testify, or constitute advice so unreasonable as to render his decision involuntary, especially in light of the colloquy.

As the record supports the PCRA court's finding that Coit's decision not to testify was knowing, intelligent, and voluntary, and Coit raised no issue of material fact which necessitated an evidentiary hearing, we affirm the PCRA court's finding that his counsel did not provide ineffective assistance of counsel as it pertains to this issue and affirm the court's denial of relief.

### III. Ineffective Assistance – Failure to Obtain Evidence

In his third issue, Coit argues that the PCRA court erred in denying him an evidentiary hearing to prove that his trial counsel was ineffective for failing to secure a copy of the surveillance video of the incident, which Coit claims would have proven that he was acting in self-defense. Coit asserts that the Commonwealth inadvertently lost the video, and states, "The Commonwealth has admitted in filings before the Trial/PCRA Court that through inadvertence it lost the tape prior to trial." Coit's Br. at 12.[11] Coit argues that his counsel had no reasonable basis "not to secure the surveillance tape of the incident as soon as possible," and that Coit was prejudiced by counsel's failure to secure the video because it would have established his innocence. Coit's Br. at 12.

Coit framed this issue differently before the PCRA court. According to Coit's *pro se* Petition, the prosecutor brought up the video at the preliminary

---

[11] Coit does not specify in which filings the Commonwealth made these purported admissions, and none appear in the certified record.

- 10 -

hearing on April 27, 2010, and the video was also discussed in police reports and other pre-trial documents, but his counsel did not request or subpoena the video, or file a motion to compel the Commonwealth to produce it, in the year leading to trial. *See Pro Se* PCRA Pet., 10/8/14, at 30-31, 39-45. Coit alleged that he asked counsel where the video was, and counsel responded that the Commonwealth had informed her that the video "had some minor damage or some static or something," and so it was not entered into evidence at trial. *Id.*[12]

Given the foregoing, Coit's argument on appeal that his counsel was ineffective for failing to secure the video before it was "lost" by the Commonwealth is waived for Coit's failure to raise it before the PCRA court. *See* Pa.R.A.P. 302(a). Regarding Coit's argument that counsel was ineffective for failing to secure the video prior to it being damaged, as he pled to the PCRA court in his original Petition, Coit presents no authority to support the idea that when evidence in the Commonwealth's possession is damaged or destroyed, defense counsel should be found ineffective for failing to secure the evidence prior to its loss. Coit does not include even minimal discussion regarding counsel's duties to secure evidence. We decline to act as Coit's counsel and make this argument for him, and we therefore affirm the PCRA

---

[12] The allegations in Coit's *pro se* Petition were incorporated to each counseled Amended Petition thereafter. *See* note 9, *supra*. Coit's counseled Amended Petitions did not separately reiterate this issue.

court's denial of relief on this issue. **See** Pa.R.A.P. 2119(a) (each portion of the argument section of brief shall include "such discussion and citation of authorities as are deemed pertinent"); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

## IV. Ineffective Assistance – *Brady* Violation

In his fourth and final issue, Coit argues that his trial counsel was ineffective for stipulating that the surveillance video—which Coit now claims had been lost by the Commonwealth—would not be mentioned during trial, and for failing to request an instruction informing the fact-finder that it could infer that the video would have been unfavorable to the Commonwealth.

We find this claim to be waived as well, as Coit's argument differs from what he presented to the PCRA court. In his *pro se* Petition, Coit argued a somewhat similar issue: that counsel was ineffective for failing to raise a **Brady**[13] violation when the Commonwealth did not provide defense counsel

---

[13] **Brady v. Maryland**, 373 U.S. 83 (1963), held that the prosecution violates the 14th Amendment when it fails to turn over any exculpatory evidence, irrespective of whether it acted in good or bad faith. It has since been established that where the Commonwealth destroys merely potentially useful, rather than exculpatory, evidence before the defense has an opportunity to examine it, the Commonwealth does not violate due process unless acting in bad faith. **Commonwealth v. Snyder**, 963 A.2d 396, 404 (Pa. 2009).

with a copy of the video.[14] **See** *Pro se* Pet. at 32-33, 43-44. In contrast, in his Second Supplemental Amended Petition, Coit raised a **Brady** violation by the Commonwealth, but did not allege ineffectiveness of counsel in relation to it. Now on appeal, Coit does not argue that his counsel should have raised a **Brady** violation, or suggest whether the Commonwealth acted in bad faith. Instead, Coit argues that counsel should have requested jury instructions, an argument which he did not present to the PCRA court. Thus, it is waived. **See** Pa.R.A.P. 302(a).

Were this issue not waived, we would find it meritless. Although Coit provides no pertinent discussion on when jury instructions are appropriate, according to Pennsylvania Suggested Standard Criminal Jury Instruction 3.21(B)(2), "the jury is allowed to draw a common-sense inference that [an] item would have been evidence unfavorable to [a] party" when "there is no satisfactory explanation for [that] party's failure to produce an item," and (1) "the item is available to that party and not the other"; (2) "it appears the item contains or shows special information material to the issue"; and (3) "the item would not be merely cumulative evidence." Pa.S.S.C.J.I. 3.21(B)(2)[15]; **see also Commonwealth v. Cristina**, 391 A.2d 1307, 1312 (Pa. 1978) (applying

---

[14] The allegations in Coit's *pro se* Petition were incorporated to each counseled Amended Petition thereafter. **See** note 9, *supra*.

[15] Although the standard jury instructions are not controlling, we review them when the trial court relies upon them. **Commonwealth v. Tilley**, 595 A.2d 575, 583 (Pa. 1991).

similar standard for missing witness instructions to missing evidence issue).

In his *pro se* Petition, Coit alleged that the video was damaged, and in his appellate brief, he alleges that it was lost—Coit did not assert that the video was available to the Commonwealth at the time of trial, as required by the first prong of the above test. We therefore hold that the PCRA court did not err in denying Coit relief on this issue.

For all of the foregoing reasons, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/18